1  Moses-Maduwotu, Sir
   c/o P.O. Box 763
2  Santa Monica, California Republic (DMM 122.32)
   (619) 348-3729
3
   Moses-Maduwotu, Sir, Suris Juris
4

**FILED**
CLERK, U.S. DISTRICT COURT

2/10/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DTA_____ DEPUTY

5

6

7

8              IN THE UNITED STATES DISTRICT COURT
9              FOR THE CENTRAL DISTRICT OF CALIFORNIA
               WESTERN DIVISION
10

11

12  Moses-Maduwotu, Sir,                )  Case No.: 2:21-cv-01284-MWF-RAO
13                                       )
              Claimer,                   )  **MOTION FOR INJUNCTIVE**
14                                       )  **RELIEFAND COMPLAINT FOR**
         vs.                             )  **DAMAGES**
15  Xavier Becerra-acting Attorney General for )
16  California, State of California, David Kilgore- )
    Acting Director for California State )  **DEPRIVATION OF RIGHTS 18**
17  Department of Child Support-State )  **U.S.C § 242,  AND CIVIL RIGHTS**
    Disbursement Unit, Los Angeles Child )  **VIOLATION UNDER 42 U.S.C. §**
18  Support Service Agency, Alexandra Bauer- )  **1983, 14TH AMENDMENT, 7TH**
19  Acting Director and Acting Chief Attorney, )  **AMENDMENT, 4TH AMENDMENT,**
    Daenna Arellano- Acting Deputy Clerk, K S )  **9TH AMENMENT, 15 U.S.C. § 1673 B**
20  Arredondo-Acting Child Support Agent, )  **(1)(A), BILL OF ATTAINDER, AND**
    Nguyen T Tang- Acting Child Support Agent, )  **STATE LAW CLAIMS**
21  David Y Chang- Acting Child Support Agent, )
    Angela J. Davis- Acting commissioner, )
22  Michelle Wyrick-acting paralegal, John Doe1- )
23  10 other Acting Child Support Agents, and )  **DEMAND FOR JURY TRIAL**
    administrative court,                )
24                                       )
25              Defendants,              )
26

27

28  ─────────────────────────────

**MOTION FOR INJUCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C 1983 AND 18 U.S.C § 242,**

1

# I. Jurisdiction

1.  This is an action for monetary damages brought pursuant to Title 42 U.S.C. section 1983. This court has jurisdiction under 28 U.S.C. § 1331. This action arises under the Fourteenth, Seventh, Fourth, Fifth Amendment to the Constitution, and seeks relief pursuant to 42 U.S.C. §1983 and relevant laws. Additionally, the Rooker-Feldman Doctrine is not applicable due to non-qualifying elements and ruling by US Court of Appeals 3rd Circuit on similar claim. The court has supplemental jurisdiction under 28 USC sections 1367(a).

# II. Venue

2.  Venue is proper pursuant to 28 U.S.C § 1391 because the events giving rise to this complaint and or motion, occurred in this district.

3.  Defendants LOS ANGELES COUNTY CHILD SUPPORT SERVICE AGENCY, Alexandra Bauer- Acting Director, Daenna Arellano- Deputy Clerk, K S Arredondo-Acting Child Support Agent, Nguyen T Tang- Acting Child Support Agent, John Doe-other Acting Child Support Agents, and administrative court is located at 5500 S. Eastern Ave Commerce, CA 90040-2947.

# III. SUMMARY OF ACTION

4.  Claimer seeks injunctive relief and damages pursuant to 42 U.S.C. §1983, 18 U.S.C. § 242 for garnished earnings absent any warrant or lawful order of a court of competent jurisdiction is unconstitutional under the Fourteenth Amendment, Seventh Amendment, and Fourth Amendment, and Ninth Amendment. The defendants denied Claimer due process under the Fourteenth Amendment. In addition, the defendants denied the Claimer the right to have a jury trial for a potential controversy under the Seventh Amendment by attempting to impose administrative processes under the State's executive branch. Accordingly, Claimer is entitled to rights guaranteed by the United States Constitution along with additional federal rights. The defendants who are state actors have used Title 42, The Public Health and Welfare, to

MOTION FOR INJUCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C 1983 AND 18 U.S.C § 242,

unlawfully violate Claimer's protected rights under the United States Constitution. Title 42, The Public Health and Welfare is a non-positive law title. Title 42 is comprised of many individually enacted Federal statutes- such as the Public Health Service Act and the Social Security Act- that have been editorially compiled and organized into the title, but the title itself has not been enacted.

## IV. PARTIES

5. Claimer, Sir Moses-Maduwotu is an adult male who lives on the land of the surrounding cities of Los Angeles and San Diego, of the California Republic. He brings this suit on behalf of himself for rights being unlawfully infringed upon by the Defendants.

6. Defendant Xavier Becerra-acting Attorney General for the state of California tasked with defending the legality of California laws and practices. Becerra's conduct as alleged in this complaint occurred during performance of his duties individually and in concert with other defendants. By allowing such codes, practices and policies to violate the United States Constitution and the California Constitution.

7. Defendant David Kilgore- Acting Director for California State Department of Child Support-State Disbursement Unit at all times relevant herein, is in his official capacity who oversees all local Child Support Agencies with the child support enforcement program along with the State Disbursement Unit. He is sued in his individual and official capacity. Kilgore's conduct as alleged in this complaint occurred during performance of his duties for the State of California Child Support department. Kilgore acted on behalf of the State of California Child Support Department individually and in concert with other defendants named and unnamed herein; and under color of law, to wit statutes, ordinances, regulations, policies, customs and usages of the State of California.

8. Defendant Alexandra Bauer- Acting Director for Los Angeles Child Support Agency at all times relevant herein, is in her official capacity who oversees Los Angeles Child Support Agency with the child support enforcement program that works in conjunction with the State of California Department Child Support Services. She is sued in her individual and official capacity. Bauer's conduct as alleged in this complaint occurred during performance of her duties for the Los Angeles Child Support Agency.

MOTION FOR INJUCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C 1983 AND 18 U.S.C § 242,

9. Angela J. Davis- Acting commissioner at all times relevant herein, is in her official capacity that performs administrative functions in relation to child support such as hearings, issuing administrative orders in relation to child support enforcement for the Los Angeles County Child Support Service Agency which deny Claimer of constitutional rights under color of law; they are persons within the meaning of 42 U.S.C. §1983 with respect to damages and injunctive relief sought in this case.

10. Davis's conduct as alleged in this complaint occurred during performance of her duties for the Los Angeles Child Support Agency. Other Individual Defendants, including John Does number 1 through 10 sued in their official and individual capacity are presumably officials tasked with administration and enforcing California administrative law for child support, who among other things, caused the unlawful seizure of wages, and are sued in their capacity as administrators tasked with enforcing policies which deny Claimer's constitutional rights under color of law; they are persons within the meaning of 42 U.S.C. §1983 with respect to injunctive relief sought in this case.

11. Michelle Wyrick-in her official capacity as acting paralegal for the Los Angeles County Child Support Agency at all times relevant herein is sued in her official and individual capacity, presumably tasked with administration and enforcing California administrative law for child support, who inter alia, caused the unlawful seizure of wages, and are sued in their capacity as administrators tasked with enforcing policies which deny Claimer's constitutional rights under color of law;

12. Individual Defendants, including John Does number 1 through 10 sued in their official and individual capacity are presumably officials tasked with administration and enforcing California law, administrative polices, and codes. Arguably, California statutory law, codes, and polices purports to permit unlawful garnishments for child support without due process.

13. At all times relevant herein, all defendants were acting in concert and conspired with one another and were jointly and severally liable for the injuries or damages to Claimer herein.

14. At all times relevant herein, all defendants were acting as agents of the other defendants, authorized to act thereby and were acting within the course and scope of said agency and said state.

## V. FACTS RELEVANT TO COUNTS

MOTION FOR INJUCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C 1983 AND 18 U.S.C § 242,

4

15. Around September 23, 2019 defendant Alexandra Bauer- Acting Director, Deanna Arellano, acting administrative court clerk and Nguyen T Tang- Acting Child Support Agent sent out a frivolous, fictitious, and meritless claim that was presented in the mail as a summons to Sir Moses-Maduwotu at his place of business to which was a guise for an interstate contract by the defendants.

16. Upon mail delivered to Sir Moses-Maduwotu's place of business, Sir Moses-Maduwotu challenged jurisdiction which was acknowledged and received by the defendants via signature return receipt on or around October 19, 2020.

17. Another document titled- *NOTICE TO CLERK OF THE COURT TO PROVIDE DISCOVERY EVIDENCE OF PROBABLE CAUSE WHICH ALLOWED THE OFFICE OF THE CLERK OF THE COURT TO ISSUE A WRITTEN INSTRUMENT TO BE PERSONALLY SERVED UPON THE UNDERSIGNED RESPONDENT REQUIRING THE INVOLUNTARY APPEARANCE FOR CHILD SUPPORT ENFORCEMENT PROCEEDINGS* was sent to the defendant Deanna Arellano, acting administrative court clerk which was acknowledged and received via signature return receipt.

18. However, Sir Moses-Maduwotu never received any response to sent document to acting defendant.

19. Around November 27th, 2019 Sir Moses-Maduwotu received two more letters from the defendants which was rejected for failure to state a claim with merit.

20. The letter stated that Michelle Wyrick-acting paralegal for the defendants had made an appointment for Sir Moses-Maduwotu absent any consent.

21. Additionally, Sir Moses-Maduwotu did not want to enter into any interstate contract or agreement with defendants and declined the appointment offer.

22. Conspicuously, upon further observation by Sir Moses-Maduwotu, it appears the administrative court and the Los Angeles County Child Support Service Agency are one and in the same due to the fact Claimer never received any notice or a response from the administrative court after the challenge of jurisdiction but letters from the defendants instead.

23. Defendants John Does number 1 through 10 contacted Claimer at his place of business via phone to which Sir Moses-Maduwotu explained to the defendants if there was any valid claim that it could be mailed to address used in documents to challenge jurisdiction.

**MOTION FOR INJUCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C 1983 AND 18 U.S.C § 242,**

24. Also, Sir Moses-Maduwotu stated to defendants to no longer contact his place of business.

25. Ten months later Around September 30, 2020 unbeknown to Sir Moses-Maduwotu, the defendants without a lawful warrant and without any lawful justification garnished the check issued to Sir Moses-Maduwotu by his employer while ignoring the Claimer's challenge of jurisdiction.

26. The defendants K S Arredondo-Acting Child Support Agent, Angela J. Davis- Acting commissioner, David Y Chang- Acting Child Support Agent, issued an invalid Income Withholding Order that was not from a court of competent jurisdiction and sent it to Sir Moses-Maduwotu's employer.

27. Additionally, the invalid Income Withholding Order was not a warrant from a court of competent jurisdiction.

28. Defendants garnished $804 dollars in the month of September 2020 from the remaining net earnings after deductions and taxes from Sir Moses-Maduwotu's check.

29. On September 30, 2020 Sir Moses-Maduwotu upon receiving his check from his employer was appalled to see such a large amount garnished from his earnings.

30. Accordingly, the unlawful garnishment was a violation of several laws along with the rights of Sir Moses-Maduwotu guaranteed by the U.S. Constitution.

31. Upon Sir Moses-Maduwotu further investigating on the Los Angeles Child Support Agency Registry it clearly showed jurisdiction challenged was received and there apparently are administrative filings with the same case number under different names which further indicates fraudulent actions by defendants.

32. Around October 13th, 2020 same day this complaint is made Sir Moses-Maduwotu received a copy of the unlawful garnishment order from employer after inquiry to the missing earnings.

33. Defendants deprived Sir Moses-Maduwotu the right to due process and especially the right to challenge jurisdiction.

34. Actors for the State violated Sir Moses-Maduwotu's 9th Amendment right by falsely, fraudulently, unlawfully, and through illegal practices claim the State is the beneficiary of a "child" when the right to care for an offspring is a private right not a public right.

35. The action further stems from a concerted action by and between various individuals and entities involved in and associated with the Los Angeles County Child Support Service Agency to deprive Sir Moses-Maduwotu of his civil rights, including but not limited to

MOTION FOR INJUCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C 1983 AND 18 U.S.C § 242,

liberty, right to his property, due process, right to discovery, inspect and examine any claims against the Claimer and happiness.

36. At all times relevant, each of the individuals named as defendants herein were State Actors.

# COUNT I

**State Defendants violated the 4th Amendment by unlawfully garnishing earnings from Claimer without a warrant from a court of competent jurisdiction.**

37. Sir Moses-Maduwotu restates the above paragraphs as fully contained in this section.

38. The 4th Amendment requires that for a seizure to be valid there must be a valid warrant from a court of competent jurisdiction.

39. The defendants did not obtain a warrant from a court of competent jurisdiction to lawfully garnish Sir Moses-Maduwotu's earnings.

40. Sir Moses-Maduwotu has a right to property such as his earnings which the defendants deprived him of, by unlawfully garnishing his earnings absent a warrant.

41. The defendants using presumptions or assumptions with no merit on a frivolous alleged claim by the state, justified violating Sir Moses-Maduwotu's rights, by unlawfully garnishing his earnings in absence of due process additionally.

42. The defendants' also paid the employer of Sir Moses-Maduwotu's to comply with the unlawful garnishment possibly in the form of an incentive.

43. The defendants whether intentionally and or negligently violated Sir Moses-Maduwotu's rights and further deprived him of rights guaranteed by the United States Constitution.

44. Sir Moses-Madutotu was injured by the acts of the defendants on the basis that they deprived him of rights, and violated his rights guaranteed by the United States Constitution.

45. Also, as a result of the injury Sir Moses-Maduwotu had little money left of his earnings to live on for an entire month.

46. In addition, Sir Moses-Maduwotu is entitled to compensatory relief for damages caused by the defendants.

47. The defendants (the State) also have a Constitution for which they all have violated in favor of acting under the color of law and for state interests ( Federal Grants)

48. This unlawful garnishment concern is all the more important as Sir Moses-Maduwotu faces seizure of property such as earnings on the mere allegation that he "owes" the State money

MOTION FOR INJUCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C 1983 AND 18 U.S.C § 242,

via "Child Support" when in fact there are several defects on its face such as no substantial evidence that Sir Moses-Maduwotu is an "obligor", the State "lost" money or incurred expenses, that Sir Moses-Maduwotu is a "non –custodial parent", and other factors.

49. Insofar as any California law or policy permits the seizure of the person or property of Sir Moses-Maduwotu without a warrant from a court of competent jurisdiction such a law or policy is unconstitutional and violated the Fourth Amendment to the United States' Constitution.

# COUNT II

**State Defendants, violated the 14th Amendment by unlawfully denying Claimer due process while concurrently unlawfully depriving Claimer of life, liberty and happiness.**

50. Sir Moses-Maduwotu restates the above paragraphs as fully contained in this section.

51. The defendants imposing an interstate contract upon Sir Moses-Maduwotu as a claim absent due process, unlawfully violates the 14th Amendment to the U.S. Constitution.

52. Section 1 of the 14th Amendment states: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; <u>nor shall any State deprive any person of life, liberty, or property, without due process of law;</u> nor deny to any person within its jurisdiction the equal protection of the laws."

53. Sir Moses-Maduwotu was deprived of due process by defendants (the State) whom did not allow him the opportunity to question an alleger, inspect such claims, discovery, and especially challenge jurisdiction.

54. Defendants using insufficient allegations as presumptions unlawfully seized Sir Moses-Maduwotu's earnings absent any due process.

55. The defendants violated Sir Moses-Maduwotu's right to have a trial to provide evidence to the contrary to which the defendants alleges absent any notice, substantial evidence, and evidence of jurisdiction after being challenged when instead the defendants ignored it.

56. The defendants in an arbitrary action issued an invalid Income Withholding Order for the sole purpose of imposing an interstate contract without providing Sir Moses-Maduwotu due process, further ignoring his challenge of jurisdiction.

**MOTION FOR INJUCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C 1983 AND 18 U.S.C § 242,**

57. Sir Moses-Maduwotu was also deprived of happiness by the acts of the defendants since the he had little earnings left over to barely sustain himself after the unlawful deprivation of due process which led to an unlawful garnishment of his earnings.

   a. Sir Moses-Maduwotu originally had only$2,500 net earnings after deductions and taxes; however, once the defendants unlawfully garnished an additional $803.75 he was left with $ 1,695.00 in a very high cost of living state.

   b. The cost of living on the land (sheltered) of the California Republic is 88% above the national average where the average rent is $1,600 leaving Sir Moses-Maduwotu in an extreme poverty state.

   c. Sir Moses-Maduwotu had to skip meals or avoid eating at times to have enough money until the next check from his employer which caused great discomfort and pain.

58. Happiness was also deprived from Sir Moses-Maduwotu since he could not afford a place to rent without sacrificing his earnings to eat, obtain basic necessities and pay liabilities.

59. The defendants' actions in attempting to bypass the U.S. Constitution and deprive Sir Moses-Maduwotu demonstrate the unlawfulness of the State laws, policies, and actors.

60. Sir Moses-Maduwotu suffered injury and damages as a result of the defendants' acts and conduct.
   a. Deprived of a fundamental right guaranteed by the United States Constitution.
   b. Sir Moses-Maduwotu was left with barely enough earnings to sustain himself until his next check.
   c. At times Sir Moses-Maduwotu could not pay of a bill or expenditure of his daily living circumstances.
   d. This caused Sir Moses-Maduwotu to be completely homeless.
   e. Sir Moses-Maduwotu was hungry for food at times.
   f. Having very little earnings after the unlawful garnishment caused great distress or Sir Moses Maduwotu.
   g. This also caused harm to Sir Moses-Maduwotu's credit.

61. The State of California, along with the unlawful actions of the defendants who are actors, that allows for such a law, code, or policy to deprive due process is unconstitutional and violated the Fourteenth Amendment to the United States' Constitution.

# COUNT III

**State Defendants, violated the 7th Amendment unlawfully denying Claimer a right to a jury trial for controversies that exceed twenty dollars.**

62. Sir Moses-Maduwotu restates the above paragraphs as fully contained in this section.

63. The 7th amendment states "that In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law"

64. Defendants allege that Sir Moses-Maduwotu "owe" a total of $173,610 in "child support" over an eighteen year period absent any substantial evidence showing he is an "obligor" or a "non-custodial" "parent" , "father", or alleged "child" is even neglected.

65. Defendants also allege that Sir Moses-Maduwotu "owe" $5,500 in "arrears" for "child support", again absent any substantial evidence showing as such.

66. The defendants deprived Sir Moses-Maduwotu of a jury trial willingly and knowingly by unlawfully garnishing his earnings and unlawfully depriving Sir Moses-Maduwotu of due process.

67. Defendants unlawfully issued an Income Withholding Order absent any trial or opportunity for Sir Moses-Maduwotu to question such claim.

68. Sir Moses-Maduwotu was injured by defendant's actions and by their acts which deprived him of his rights and hold him to a claim which is insufficient on its face.

   a. Deprived of a fundamental right guaranteed by the United States Constitution.
   b. Sir Moses-Maduwotu was left with barely enough earnings to sustain himself until his next check.
   c. At times Sir Moses-Maduwotu could not pay of a bill or expenditure of his daily living circumstances.
   d. This caused Sir Moses-Maduwotu to be completely homeless.
   e. Sir Moses-Maduwotu was hungry for food at times.
   f. Having very little earnings after the unlawful garnishment caused great distress or Sir Moses Maduwotu.
   g. This also caused harm to Sir Moses-Maduwotu's credit.

69. A federal district court applies since the defendants (actors of the State) are alleging "owed debt" absent any substantial evidence based on a federal program title IV-D.

70. Even if presentment of interstate contract as a claim which is fictitious and frivolous in its nature is even legitimate, Claimer is entitled to a jury trial as such.

71. The defendants' administrative process along with their acts violates the U.S. Constitution especially the 7th Amendment due to the fact Sir Moses-Maduwotu never waived any of his inherited rights or unalienable rights.

72. The actions of the defendants' violated Sir Moses-Maduwotu's right to a jury trial since they are alleging that a "debt" is "owed" forming a controversy.

73. The State of California which allows for such a law, codes or policy to deprive Sir Moses-Maduwotu of a jury trial for a controversy exceeding twenty dollars is unconstitutional and violated the Seventh Amendment to the United States' Constitution.


# COUNT IV

**State Defendants, violated Article I, Section 9, clause 3 known as a Bill of Attainder.**

74. Sir Moses-Maduwotu restates the above paragraphs as fully contained in this section.

75. The defendants willingly, knowingly, and intentionally enrolled Sir Moses-Maduwotu into a state database along with every known man that lives on the land of the California Republic called the California Central Registry.

76. Sir Moses-Maduwotu was never informed by the defendants that he was enrolled into such database nor did he consent.

77. The defendants using unlawful contract practices (no full disclosure) such as a declaration of paternity documents and the child support assistance application via policy-California Code, Family Code - FAM § 17506 under (a) states that "There is in the department a California Parent Locator Service and Central Registry that shall collect and disseminate all of the following, with respect to any parent, putative parent, spouse, or former spouse"

    a. The automatic enrollment into such database by the defendants already presumes any person or individual as guilty before being allotted due process.

    b. This Registry is what the defendants used in addition to other unlawful acts to unlawfully garnish Sir Moses-Maduwotu's earnings absent any due process.

78. The Constitution of the United States, Article I, Section 9, and paragraph 3 provides that:
"No Bill of Attainder or ex post facto Law will be passed."

79. The defendants, who acted under the color of law, took an oath to uphold the United States
Constitution, however, enforced unlawful polices, practices and codes that are a violation of
the United States Constitution.

80. Further, defendants' acts under 42 U.S.C 654 (3) targets "noncustodial" parents and punishes
the group by deeming them "obligors" and punishes without a trial by issuing Income
Withholding Orders that are not valid on its face absent a court of competent jurisdiction.

81. The defendants acting under the color of law caused injury to Sir Moses-Maduwotu by
automatically deeming him a "non custodial" parent and also titled an "obligor" absent any
due process and any substantial evidence demonstrating as such.

82. Placing "non-custodial" parents, "obligors", alleged "obligors" and men into the California
Central Registry is being treated differently by being classified and targeted for alleged
"debts" the state created on its own.

83. The defendants acting under the color of law and depriving Sir Moses-Maduwotu of
Rights guaranteed by the U.S. Constitution applied practices, policies, state codes, in
conjunction with 42 U.S.C. 658, Title 1V-D, Section 458, Social Security. Act, to mistreat
and justify the discrimination by gender or a type of "non-custodial" parent who automatically
"owes" the state knowingly, that it is unconstitutional.

84. Sir Moses-Maduwotu was injured by defendant's actions and by their acts which deemed him
guilty of alleged claims automatically based on presumptions and assumptions absent any
opportunity for due process by causing the following:

  a. This deprived Sir Moses-Maduwotu of fundamental rights guaranteed by the United
  States Constitution.
  b. The actions of defendants held Sir Moses-Maduwotu unlawfully fully liable and guilty
  of alleged claims by the defendants (The State) absent any trial or due process from an
  Article III court.
  c. Sir Moses-Maduwotu was left with barely enough earnings to sustain himself until his
  next check.
  d. At times Sir Moses-Maduwotu could not pay of a bill or expenditure of his daily
  living circumstances.
  e. This caused Sir Moses-Maduwotu to be completely homeless.
  f. Sir Moses-Maduwotu was hungry for food at times.
  g. Having very little earnings after the unlawful garnishment caused great distress or Sir
  Moses Maduwotu.

MOTION FOR INJUCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C 1983 AND 18 U.S.C § 242,

h.  This also caused harm to Sir Moses-Maduwotu's credit.

# COUNT V

### State Defendants violated 15 U.S.C. § 1673 b (1)(A)

85.  Sir Moses-Maduwotu restates the above paragraphs as fully contained in this section.

86.  The defendants who are actors violated 15 U.S.C § 1673 b (1)(A) by unlawful garnishment without due process, no warrant to garnish earnings, depriving and violating Sir Moses-Maduwotu rights.

87. The unlawful garnishment by the Defendants' do not meet the requirements of 15 U.S.C § 1673 b (1)(A) and 15 U.S.C § 1673 a (1) thus violating the entire section.

   a.  The fact that the garnishment did not meet the elements required to for it to be lawful under these sections further demonstrates the unlawfulness and that the earnings did not qualify to be garnished.

88.  15 U.S.C § 1673 b (1)(A) states "The restrictions of subsection (a) do not apply in the case of (A) any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review."

   a.  The defendants did not establish any sort of jurisdiction when challenged but rather ignored it.

   b.  The defendants unlawfully trespassed on Sir Moses-Maduwotu's United States Constitutional rights and further deprived him of due process.

   c.  The defendants issued an unlawful Income Withholding Order and started to garnish Sir Moses-Maduwotu's earnings unlawfully absent any due process or warrant.

89. In addition the defendants violated 15 U.S.C § 1673 a (1) since the unlawful garnishment did not meet or satisfy 15 U.S.C § 1673 b (1)(A).

90. Sustained injury was caused by the defendants' acting under the color of law by unlawfully garnishing Sir Moses-Maduwotu's earnings that did meet the requirements of 15 U.S.C § 1673 b (1)(A)

**MOTION FOR INJUCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C 1983 AND 18 U.S.C § 242,**

91. Sir Moses-Maduwotu was further injured by defendant's actions and by their acts which caused the following:

    a. This deprived Sir Moses-Maduwotu of fundamental rights guaranteed by the United States Constitution.

    b. The actions of defendants held Sir Moses-Maduwotu unlawfully fully liable and guilty of alleged claims by the defendants. (The State) absent any trial or due process from an Article III court.

    c. Sir Moses-Maduwotu was left with barely enough earnings to sustain himself until his next check.

    d. At times Sir Moses-Maduwotu could not pay of a bill or expenditure of his daily living circumstances.

    e. This caused Sir Moses-Maduwotu to be completely homeless.

    f. Sir Moses-Maduwotu was hungry for food at times.

    g. Having very little earnings after the unlawful garnishment caused great distress or Sir Moses Maduwotu.

    h. This also caused harm to Sir Moses-Maduwotu's credit.

92. The State of California which allows for such a law, codes or policy to deprive Sir Moses-Maduwotu unlawfully garnish his earnings violates 15 U.S.C § 1673 b (1)(A) and 15 U.S.C § 1673 a (1)

# COUNT VI

**State Defendants, violated the 9th Amendment by unlawfully claiming themselves the beneficiary and or parent also depriving natural parent unlawfully the right to care for an offspring or descendant- a private right**

93. Sir Moses-Maduwotu restates the above paragraphs as fully contained in this section.

94. The defendants who are actors violated the 9th Amendment by taking a private right and making it a public right- right to care for an offspring, without due process, no substantial evidence of harmed offspring, forcing alleged "obligor" into administrative proceedings by various tactics, no warrant to garnish earnings, depriving and violating Sir Moses-Maduwotu's rights.

95. In addition, the defendants made themselves the beneficiary of the alleged offspring in controversy to obtain an interstate contract that includes grants from the federal government while harming Sir Moses-Maduwotu by infringing upon his rights.

96. The defendants further used illegal contract practices such as nondisclosure to obtain an interstate contract by using the "child support" application and or declaration of paternity

**MOTION FOR INJUCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C 1983 AND 18 U.S.C § 242,**

document which is disguised as part of the birth certificate application at hospitals located throughout the state to:

    a.  Make the state the beneficiary or party in interest as a parent.

    b.  Enter information specifically of male parent or potential father into state's database used for garnishment purposes prior to ANY action.

    c.  Ensure that federal grants are awarded for a "child support" claim.

97. The 9th Amendment states that "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people".

98. The defendants by unlawful and illegal presumptions, assertions, allegations, and claims, fraudulently deemed alleged paternal parent Sir Moses-Maduwotu guilty of neglecting a "child" to where it becomes a "public" right when in fact it is a private right absent any trial by a court of competent jurisdiction or substantial evidence of child harm or neglect.

99. Sir Moses-Maduwotu was further injured by defendant's actions and by their acts which caused the following:

    a.  This deprived Sir Moses-Maduwotu of fundamental rights guaranteed by the United States Constitution.

    b.  The actions of defendants held Sir Moses-Maduwotu unlawfully fully liable and guilty of alleged claims by the defendants. (The State) absent any trial or due process from an Article III court.

    c.  Sir Moses-Maduwotu was left with barely enough earnings to sustain himself until his next check.

    d.  At times Sir Moses-Maduwotu could not pay of a bill or expenditure of his daily living circumstances.

    e.  This caused Sir Moses-Maduwotu to be completely homeless.

    f.  Sir Moses-Maduwotu was hungry for food at times.

    g.  Having very little earnings after the unlawful garnishment caused great distress or Sir Moses Maduwotu.

    h.  This also caused harm to Sir Moses-Maduwotu's credit.

## VI. DAMAGES

100.      As a result of Defendants' violation of Plaintiffs' federal civil rights under 42 USC 1983, the 4th amendment and the Fourteenth Amendment to the U.S. Constitution.

MOTION FOR INJUCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C 1983 AND 18 U.S.C § 242,

101.     Claimer have been mentally and emotionally damaged, including but not limited to loss of family relations, comfort, protection, companionship, love, affection, solace and moral support; and for other compensatory damages, economic and non-economic as provided by law.

102.     Claimer is entitled to recover damages for pain, mental suffering, humiliation, duress, out of pocket loss and other compensatory damages economic and non-economic damages according to proof.

103.     At all times herein referenced the defendants acted in reckless disregard of Claimers' constitutional rights.  Claimer is entitled to punitive and exemplary damages according to proof on the following claims: Causes of Action One through six, and as otherwise ordered by the Court.

## **Request for Relief**

WHEREFORE, the Claimer requests:

104.     Injunctive relief, from the unlawful acts from all the listed defendants listed in this compliant.

105.     Any property unlawfully seized to be returned to the Claimer including monies or earnings that were unlawfully seized.

106.     An award for monetary damages due to the intentional, negligent, willful acts of defendants to deprive Claimer of rights, conspiring to deprive Claimer of his rights, and trespassing upon Claimer's rights guaranteed by the United States Constitution along with additional federal rights by federal statutes.  Claimer seeks damages in the amount of $77,000.

107.     Any further relief which the court may deem appropriate accordingly. -Bell v. Hood 327 U.S. 627 (1946).

Dated this 04 of February, 2021.

Moses-Maduwotu, Sir

MOTION FOR INJUCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C 1983 AND 18 U.S.C § 242,